IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| **LUTHER C. BASHAM,** )<br>)<br>**Petitioner,** )<br>)<br>v. )<br>)<br>**DAVID BALLARD, Warden,** )<br>**Mount Olive Correctional Complex,** )<br>)<br>**Respondent.** ) | Civil Action No. 2:08-0231 |

## PROPOSED FINDINGS AND RECOMMENDATION

On April 3, 2008, Petitioner, an inmate at Mount Olive Correctional Complex [MOCC], acting *pro se*, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody and Application to Proceed Without Prepayment of Fees.[1] (Document Nos. 1 and 2.) By Standing Order, this matter was referred to United States Magistrate Judge Mary Stanley for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) By Order entered April 10, 2008, the above reference was withdrawn and this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition. (Document No. 6.) Having examined Petitioner's Complaint, the undersigned concludes that Petitioner fails to allege facts and circumstances cognizable under 28 U.S.C. § 2254[2] and therefore respectfully recommends

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] Petitioner stated the same facts and circumstances alleged in this matter as a basis for relief under 28 U.S.C. § 2254 as a basis for relief under 42 U.S.C. § 1983 in *Basham v. Cayton*, Civil Action No. 5:07-0533, District Judge Johnston presiding. On May 7, 2008, the undersigned

that Petitioner's Application to Proceed Without Prepayment of Fees (Document No. 1.) be denied and this matter be dismissed.[3]

**FACTUAL BACKGROUND**

In his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Document No. 2.)[4],

---

submitted Proposed Findings and Recommendation that Petitioner's Section 1983 action be dismissed (*Id.*, Document No. 13.), and Petitioner has filed objections (*Id.*, Document No. 14.).

[3] Petitioner sought relief under 28 U.S.C. § 2254 in *Basham v. State of West Virginia*, 2:98-0189. The District Court denied Petitioner's Petition as untimely. (*Id.*, Document No. 10.) The matter was reopened in view of Petitioner's allegations of malfeasance of his trial attorney. (*Id.*, Document No. 19.) On February 15, 2001, the District Court dismissed Petitioner's Section 2254 case. (*Id.*, Document No. 27.) Petitioner appealed, and the Fourth Circuit Court of Appeals dismissed Petitioner's appeal. *Basham v. West Virginia*, 11 Fed.Appx. 136, 2001 WL 409734 (C.A.4(W.Va.)). The United States Supreme Court denied Petitioner's request for review. *Basham v. West Virginia*, 534 U.S. 926, 122 S.Ct. 284, 151 L.Ed.2d 209 (2001). Assuming that Petitioner raises claims herein cognizable under Section 2254 though he clearly does not, this would be a second or successive Section 2254 Petition. It is not apparent that Petitioner has obtained authorization of the Fourth Circuit Court of Appeals to file a second or successive Section 2254 Petition as required under 28 U.S.C. § 2244(b)(3)(A), and this District Court therefore can have no jurisdiction over this matter. *See Sayre v. McBride*, 2007 WL 2681872, *2 (N.D.W.Va.).

[4] Petitioner indicates in his Petition (Document No. 2, p. 13.) that he raised the same matters as he does herein in *Basham v. McBride*, 06-MISC-0359, in the Circuit Court of Kanawha County, Judge King presiding. Petitioner further indicates that Judge King dismissed his case because "jurisdiction does not exist to grant relief" and the West Virginia Supreme Court of Appeals denied his Petition for review. (*Id.*, p. 14.) Having obtained a copy of Petitioner's Petition for Writ of Habeas Corpus in *Basham v. McBride*, 06-MISC-0359, in the Circuit Court of Kanawha County, Judge King's Order and the Order of the West Virginia Supreme Court of Appeals in *Basham v. McBride*, Appeal No. 062795, the undersigned finds that Petitioner alleged the same facts and circumstances as he does herein in the Kanawha County Circuit Court and his appeal was refused on July 24, 2007. The undersigned will left side file a copy of Petitioner's Petition in *Basham v. McBride*, 06-MISC-0359, in the Circuit Court of Kanawha County, Judge King's Order and the Order of the West Virginia Supreme Court of Appeals in *Basham v. McBride*, Appeal No. 062795, upon filing this Proposed Findings and Recommendation. In view of these circumstances, the District Court can have no subject matter jurisdiction in this case. Construing Petitioner's Petition as a Complaint under 42 U.S.C. § 1983, the *Rooker-Feldman* Doctrine precludes his indirect attempt is this matter essentially to re-litigate and undermine the decision of Judge King in the Circuit Court of Kanawha County in *Basham v. McBride*, 06-MISC-0359. *See Plyler v. Moore*, 129 F.3d. 728, 731 (4th Cir. 1997), *cert. denied*, 524 U.S. 945, 118 S.Ct. 2359, 141 L.Ed.2d 727 (1998). The Doctrine of *Res Judicata* also applies to bar Petitioner's claims herein and in *Basham v. Cayton*, Civil Action

Petitioner alleges that his Eighth and Fourteenth Amendment rights "were arbitrarily and capriciously violated during the coarse of petitioners disciplinary hearing." (Id., p. 19.) Specifically, Petitioner states as follows:

> Petitioner alleges that he was denied due process, in violation of his Fourteenth Amendment rights when he was denied his right to confront his accused, COI Adam Cayton, to call and present witnesses on his behalf and present documentation that would have cleared him of any wrong-doing as well as proving that the alleged offense he had been accused of committing was bogus and fraudulent.
>
> Petitioner further alleges that he was subjected to cruel and unusual punishment, in violation of his Eighth Amendment rights when he was placed in punitive segregation for a rule infraction he did not commit and held in punitive segregation for a period of thirty (30) days and subjected to a loss of all privilege for a period of thirty (30) days.

(Id., p 18.) Petitioner contends that on May 12, 2006, he was properly in the medical unit receiving physical therapy[5] and Correctional Officer Adam Cayton ordered Plaintiff return to his housing unit. (Id., p. 14.) Defendant Cayton allegedly told Petitioner that he did not have permission to be in the medical unit at that time. (Id., p. 15.) Petitioner states that he informed Officer Cayton that "he was supposed to be in the Infirmary during this time period for his scheduled rehabilitation/physical therapy and had been following this routine ever since October, 2005." (Id.) Petitioner contends that his physical therapy was scheduled for 3:15 p.m. on Mondays, Wednesdays, and Fridays. (Id.) Petitioner asserts that Linda Huddleston[6], LPN, "was present in the Infirmary [and] confirmed to COI Cayton that Petitioner was supposed to be there for his rehabilitation/physical therapy." (Id.)

---

No. 5:07-0533. *See Warwick Corp v. Maryland Dept. of Transp.*, 573 F.Supp. 1011, 1013 (D.Md. 1983)("A prior state court adjudication of a federal constitutional right bars a subsequent federal action seeking vindication of the same right.")

[5] Plaintiff's lower left leg was amputated on or about June 18, 2005.

[6] Plaintiff's physical therapy was supervised and monitored by Shelvie Carpenter and Linda Huddleston, LPNs. (Document No. 2, p. 15.)

Petitioner claims that Officer Cayton then contacted Sergeant James Jones, who stated that "he did not want to hear what [Ms. Huddleston] had to say." (Id.) Officer Cayton allegedly ordered Petitioner to leave the medical unit, which Petitioner did "without incident, although the Petitioner did protest the matter." (Id.)

On May 19, 2006, Petitioner was served with a Rule Violation Report for allegedly violating Disciplinary Rule 2.01, Refusing an Order, on May 12, 2006. (Id., p. 16.) The report was signed by Officer Cayton. (Id.) On May 23, 2006, Petitioner entered a plea of not guilty to the above disciplinary rule infraction before MOCC Magistrate Brian Greenwood. (Id.) Petitioner states Officer Cayton was not present at the hearing. (Id.) When Petitioner inquired as to Officer Cayton's presences, Magistrate Greenwood informed Petitioner that Officer Cayton was at the West Virginia Division of Corrections Academy and was unavailable. (Id., pp. 16-17.) Petitioner objected to Officer Cayton's absence and requested a continuance until Officer Cayton could become available. (Id., p. 17.) Magistrate Greenwood overruled Petitioner's objection and denied Petitioner's request for a continuance. (Id.) Petitioner contends that "he was not permitted to call witnesses (nurses involved in his rehabilitation/physical therapy) on his behalf." (Id.) During the hearing, Petitioner testified that "his schedule had been changed by LPN Shelvie Carpenter in order to accommodate her schedule in the infirmary." (Id.) Petitioner asserts that he "tried to explain this to him, [but] [t]his attempt was unsuccessful because the correctional magistrate did not want to hear this." (Id.) At the conclusion of the hearing, Petitioner was found guilty and sentenced to thirty days in punitive segregation and thirty-day loss of privileges. (Id., p. 18.) Petitioner unsuccessfully appealed his conviction to the Warden McBride. (Id.) Petitioner then filed an appeal with the Commissioner of Corrections, who subsequently denied his appeal. (Id.) Plaintiff asserts that Warden McBride and

Commissioner Rubenstein failed to properly investigate his claims. (Id., p. 19.) Therefore, Plaintiff claims that his Fourteenth and Eighth Amendment rights were violated because he was convicted of a "fraudulent and frivolous" rule infraction and placed in punitive segregation without proper due process. (Id., pp. 19-28.) Plaintiff seeks declaratory relief and expungement of the disciplinary violation from his record. (Id., pp. 11-12.)

## ANALYSIS

Petitioner does not allege violations of the Constitution or laws of the United States in the fact of his conviction or confinement or the duration of his confinement in this case as required under 28 U.S.C. § 2254.[7] Rather, Plaintiff alleges violations of the United States Constitution in disciplinary proceedings and punishment administered while he has been incarcerated at MOCC upon a conviction and sentence upheld through every stage of direct appeal and collateral review. Challenges to the fact of conviction or confinement or the duration of confinement are cognizable under Section 2254, while Section 1983 is the proper vehicle for challenging proceedings and circumstances which occur within the context of incarceration under a valid judgment of conviction and sentence. See Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 2364, 2369, 129 L.Ed.2d 383 (1994); Preiser v. Rodriguez, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973). Clearly, Petitioner's claims arise from disciplinary proceedings resulting in his placement in punitive segregation and have nothing do with his prosecution, conviction and sentence requiring

---

[7] Title 28 U.S.C. § 2254(a) provides as follows:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

that Petitioner be held in custody in the first place. See Montgomery v. Anderson, 262 F.3d 641, 643 - 644 (7th Cir. 2001)(constitutional challenges regarding the imposition of disciplinary segregation must be raised under 42 U.S.C. § 1983). Additionally, Petitioner is not asserting that his punishment included a loss of credit impacting the duration of his sentence. Accordingly, Petitioner's claims are not cognizable under § 2254. To the extent Petitioner is alleging a claim under 42 U.S.C. § 1983, the undersigned adopts by reference the Proposed Finding and Recommendation in Basham v. Cayton, 5:07-cv-0533, Document No. 13. For all of the reasons stated herein, this matter must be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal analysis and **RECOMMENDED** that the District Court **DENY** Petitioner's Application to Proceed Without Prepayment of Fees (Document No. 1.), **DISMISS** his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Document No. 2.) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Chief United States District Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) *cert. denied*, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Chief Judge Goodwin, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and mail a copy to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: May 21, 2008.

R. Clarke VanDervort
United States Magistrate Judge