IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LUTHER C. BASHAM,

       Petitioner,

v.              CIVIL ACTION NO. 2:08-cv-00231

DAVID BALLARD,

       Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are the petitioner's Application to Proceed Without Prepayment of Fees and Affidavit [Docket 1] and Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Docket 2]. This action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition ("PF&R"), pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and recommended that the court deny the petitioner's Application to Proceed without payment of fees, dismiss his petition for habeas corpus, and remove this matter from the docket. The petitioner objects to the PF&R.

In the PF&R, the Magistrate Judge noted that petitioner may file "specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection." (PF&R 6.) Although the petitioner has filed lengthy objections to the PF&R, the bulk of the petitioner's filing repeats the arguments he made in his habeas petition. The petitioner has not identified the portions of the PF&R to which he objects, nor has he explained what specifically is legally wrong with the Magistrate Judge's analysis.

Instead of disputing the Magistrate Judge's conclusion that his claims are not cognizable under 28 U.S.C. § 2254, the petitioner focuses on the seriousness of his claim and belittles the Magistrate Judge's nationality, impartiality, and ability:

> Petitioner is "shocked," "disappointed," and "mystified" by the proposed findings and recommendation of the United States Magistrate Judge and wonders just what country he is from, since it could be construed as a result of his proposed finding and recommendation that he is not from this country, but from one that does not recognized democracy and freedoms afforded by documents such as the Bill of Rights.
> Unless our country has gone from a democracy to a dictatorship, we, as a country could be in really big trouble. The freedoms we have are widely enjoyed by one and all are slowly diminishing as our democracy turns in one of a dictatorship and our constitutional rights, even those rights enjoyed by prisoners are slowly, without due process of law are being taken.
> Petitioner can understand why such an injustice was imposed on him by the defendants, because it is the nature of "their" beast and that "they" have to be in control of things and situations that they do not understand or know anything about, which really does not account for their arbitrary, capricious and malicious actions along with victimizing an inmate who has not done anything wrong and has complied with his rehabilitation/physical therapy schedule. Further, one would think that since they are State officials, they would know better, but apparently they do not and are convinced and think they are above the law and untouchable. Furthermore, the petitioner cannot even begin to understand why and how a United States Magistrate Judge can turn his back on fairness and justice and continue to victimize the petitioner and deprive him of his liberties as well as getting the justice that he would deserve and be entitled to when it is clear that the petitioner's constitutional rights under the provisions of the Fourteenth Amendment to due process and the petitioner's constitutional rights to be free from cruel and unusual punishment under the provisions of the Eight Amendment were violated by the defendants.
> As astounding as it may appear and sound, the combatants being held at Guantanamo Bay, Cuba (GITMO) have more rights than the petitioner, especially when it comes to due process and being free from cruel and unusual punishment, and the petitioner is an American, born and raised.
> Given the proposed finding and recommendation of the United States Magistrate Judge and his "implied" judgment and determination, that the petitioner is not entitled to due process; did not have a right to confront his accuser, call witnesses or present documentation during his disciplinary hearing, was not subjected to cruel and unusual punishment by the defendants, and the fact the petitioner's alleged rule inaction/violation is immaterial regardless of the fact that the petitioner did not commit the alleged rule violation/infraction, which can be proven, surely makes the petitioner glad that he is not on death row for a crime he did not

>    commit, as the United States Magnat Judge, (VanDervort) with his reasoning and thinking would be the one to place/insert the needle in the petitioner's arm, although he was innocent of any wrong doing. . . .
>
>    At this point, it is highly obvious to the petitioner, who has not had any formal legal training, that the proposed findings and recommendation of the United States Magistrate Judge is clearly off base and way out in left (or right) field and for this Honorable Court to adopt the proposed findings and recommendation of the United States Magistrate Judge would surely be a slap in the face of all humanity.

(Obj. 18-20.)

The court **FINDS** that the petitioner's attacks on the Magistrate Judge warrantless and his objections to the PF&R meritless. Having reviewed the case *de novo*, the court **FINDS** that the petitioner's claims do not fall within the purview of 28 U.S.C. § 2254. Section 2254 allows a "person in custody" to challenge that custody on the grounds that the custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Here, the prisoner does not challenge the fact that he is in prison or contend that his sentence has been improperly lengthened via loss of credit. Rather, he challenges the prison disciplinary proceedings that he participated in and the punishment that resulted.

The vehicle for such a challenge is a suit brought under 42 U.S.C. § 1983. *See, e.g.*, *Wilkinson v. Dotson*, 544 U.S. 74, 84 (2005) ("[T]his court has repeatedly permitted prisoners to bring § 1983 actions challenging the conditions of their confinement . . . ."). The court, moreover, is unwilling to construe the petitioner's habeas petition as a § 1983 claim because, seven months before he filed the instant habeas petition, the petitioner instituted a § 1983 action in *Basham v. Clayton*, Case No. 5:07-cv-533, concerning the very conduct the petitioner complains of here.

Accordingly, the court **ADOPTS** the Magistrate Judge's PF&R, **DENIES** the petitioner's Application to Proceed Without Prepayment of Fees, and **ORDERS** that the his habeas petition be dismissed.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:       July 15, 2008

                Joseph R. Goodwin, Chief Judge